UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRELL BROWN, a/k/a MARCUS HOWARD, )<br>)<br>PETITIONER, )<br>)<br>VS. )<br>)<br>SCOTT P. FISHER, WARDEN, FCI SANDSTONE, )<br>)<br>RESPONDENT. ) | CAUSE NO. 3:12-CV-226-RLM |

OPINION and ORDER

When Terrell Brown was sentenced in 2002 on cause 3:01-CR-100, the court found him to be a career offender, as defined by U.S.S.G § 4B1.1 (November 2001 version). A career offender status requires findings that the defendant was over 18, was being sentenced for a crime of violence or a controlled substance offense, and had two prior felony convictions of either a crime of violence or a controlled substance offense. The court found that these conditions applied to Mr. Brown; he was 32 at the 2002 sentencing, was being sentenced under 21 U.S.C. § 841(a)(1) for possession of cocaine base (crack), had one prior felony conviction for possession of a dangerous substance, and had another prior felony conviction for second degree reckless homicide. With his sentence augmented by the career offender status, Mr. Brown received 360 months in prison.

Having long ago exhausted his direct appeals and having already filed a motion under 28 U.S.C. § 2255, Mr. Brown recently filed an application with the court of appeals to file a second or subsequent § 2255 motion, as required under 28 U.S.C. § 2244(b)(3). In that application, Mr. Brown sought to argue that the court shouldn't have sentenced him as a career offender on the theory that, when the court uses a prior crime of violence to make a career offender status finding, that prior crime must include a *mens rea* of knowledge or intent. One of Mr. Brown's prior crimes, second degree reckless homicide, required only recklessness as the mental state. Mr. Brown relied on the holding in Begay v. United States, 553 U.S. 137 (2008) to put forth this theory, and that case does announce this change in how prior crimes are viewed for career offender status findings. The court of appeals found that Begay didn't announce a constitutional rule as would be required under 28 U.S.C. §§ 2244(b)(2)(A) & 2255(h)(2) to allow a second or subsequent collateral attack. For that reason, the court of appeals denied Mr. Brown the right to file a second or subsequent § 2255 motion.

Even though the court of appeals denied Mr. Brown's application, it explicitly said, "We note, however, that the dismissal is without prejudice to any attempt by Brown to obtain relief under *Begay* in an action pursuant to 28 U.S.C. § 2241. *See United States v. Prevatte,* 300 F.3d 792 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605 (7th Cir. 1998)."

Following this trail of breadcrumbs, Mr. Brown has filed a petition with this court under 28 U.S.C. § 2241 asserting that the rule announced in Begay

(regarding crimes of violence affecting one's career offender status) applies to him. While this court is the sentencing court and would be the appropriate court in which to bring a § 2255 motion (*see* § 2255(a)), this court isn't the court with jurisdiction to consider § 2241 petitions; those petitions must be brought in the court that has jurisdiction over the warden (that is, the district in which the prison is located). *See* Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001) (finding that, even when § 2241 is being used to challenge the sentence, the action must be brought in the district of the prison). Mr. Brown is incarcerated in the Federal Correctional Institution in Sandstone, Minnesota, which is in the District of Minnesota and is outside the jurisdiction of this Northern District of Indiana court.

The court can transfer a matter when it lacks jurisdiction and the transfer would be in the interest of justice. 28 U.S.C. § 1631. The court ORDERS the clerk transfer this cause to the District of Minnesota.

SO ORDERED.

ENTERED:  August 8, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court